DENMAN BARTLETT vs. PHILIP C. JONES.

*Conditional deed—rent of land conveyed by.*

The defendant conveyed a farm to the plaintiff by a deed containing the condition, that if the plaintiff or his heirs shall pay the defendant certain notes at maturity, 'the deed shall become of full force, otherwise shall be null and void and of no force or effect.' The first note not being paid at maturity, the defendant took possession of the premises and leased them. Subsequently the plaintiff having paid the notes, entered into possession, and brought this action of assumpsit to recover the rent received by the defendant. *Held*, that in the absence of any express promise, on the part of the defendant, to pay the plaintiff, the action would not lie.

Also held, that no promise was implied from the facts.

ON REPORT.

ASSUMPSIT on account annexed; money had and received; and for use and occupation.

The defendant conveyed a farm to the plaintiff April 23, 1866, by his deed duly acknowledged and recorded. The deed contained this condition: The condition of this deed is such that if the said Denman Bartlett or his heirs shall pay to the said Philip C. Jones three notes of hand, each at maturity, bearing even date with the instrument, of one hundred dollars each, and payable in one, two, and three years from January, 1867, this deed shall become of full force, otherwise shall be null and void and of no force or effect. The first note was not paid at maturity and Jones thereupon entered upon the land; took possession of it as his own property, for breach of this condition, and let it to a tenant for a compensation; that is, for one-half of the crops, a part of which he had sold and got his pay. About a year after the expiration of the lease to Jones's tenant, Bartlett paid Jones the notes and brought this action to recover of Jones what he received from his tenant for the use of the land. If the action cannot be maintained a nonsuit to be entered.

*McCrillis*, for the plaintiff.

The defendant received the payment of the notes, and thus treated plaintiff's estate in the farm as not at an end.

Defendant cannot treat plaintiff's title at an end for the purpose of taking the income, and as continuing for the purpose of collecting the notes.

Bartlett's estate in the farm continued the same as if the notes had been paid at maturity. *Guild* v. *Richards*, 16 Gray, 309; *Stone* v. *Ellis*, 9 Cush. 103, 97 Mass. 192, 193.

The entry was not for condition broken.

*A. Sanborn*, for the defendant.

The condition in the deed is a condition precedent; and the estate did not vest in the plaintiff by the deed. 1 Black. Com. 154, 155; 4 Kent's Com., 125; *Robbins* v. *Gleason*, 47 Maine, 273.

The condition was not performed and the deed was null and void by its express terms.

The plaintiff, who had no interest in, no title to, and no possession of, the land, claims to recover for the use and occupation of the land of defendant in whom both the title and possession were united.

The acceptance of payment of the notes did not operate as a waiver so as to vest the title in the plaintiff. 1 Black. Com., 155, 156; 4 Kent's Com., 128; 2 Greenl. Cruise, Title 13, 29 and note; *Chalker* v. *Chalker*, 1 Conn. 79.

But if it did, it could only operate to vest it in him at, and not before the time of acceptance, because, by the terms of the condition, it would not vest till all of the notes were paid. And he could not, therefore, legally claim to recover for the use and occupation before that time, of defendant.

APPLETON, C. J. On April 23, 1866, the defendant conveyed a farm to the plaintiff by a conditional deed in the following words: 'The condition of this deed is such, that if Denman Bartlett or his heirs shall pay to the said Philip C. Jones three notes of hand, each at maturity, bearing even date with the instrument, of one

hundred dollars each, and payable in one, two, and three years from January, 1867, this deed shall become of full force, otherwise shall be null and void and of no force or effect.'

The first note was not paid at maturity and the defendant thereupon entered upon the land, took possession of it as his own property and leased it.

By entering for condition broken, the defendant is in possession of his original estate as owner of the fee. In leasing the estate he acted as owner and not as agent for or tenant of any one.

The rent was his. He never promised or agreed to account for it to any one. He was under no legal obligation to account for it. The case shows nothing from which a promise can be inferred.

It seems the plaintiff subsequently paid his notes and entered into possession. But this was the result of a new bargain. His estate had become forfeited. The defendant as owner had received the rent. The estate and the rent accruing therefrom were his. There is no evidence tending to show that the defendant ever promised to account for past rent, or that the plaintiff expected he would. If such was the agreement, the amount should then have been deducted from the notes. There is nothing from which any promise to account for the rent received can be implied. At no time did the relation of landlord and tenant, or of principal and agent, exist between these parties.

The plaintiff cannot recover for use and occupation, for the defendant never occupied his land. He cannot recover for money had and received, for the defendant has not had or received any of his money. The account annexed is for the rent of the land and stands on the same footing with the claim for use and occupation.

*Plaintiff nonsuit.*

CUTTING, KENT, WALTON, and BARROWS, JJ., concurred.